**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

**IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** )

**3:09-md-02100-DRH-PMF**
**MDL No. 2100**

**ORDER**

**This Document Relates to:**

**Jennifer Dzik v. Bayer Corp. et al. No. 3:10-cv-20389-DRH-PMF**

**Quishaun Mobley-Jones v. Bayer HealthCare Pharms. Inc. et al. No. 3:10-cv-10737-DRH-PMF**

**Jacqueline Page v. Bayer HealthCare Pharms. Inc. et al. No. 3:10-cv-10728-DRH-PMF**

**Annelise Simonson v. Bayer HealthCare Pharms. Inc. et al. No. 3:10-cv-11068-DRH-PMF**

**Megan Stewart v. Bayer Corp. et al. No. 3:10-cv-20390-DRH-PMF**

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet

("PFS") obligations.[1] Bayer contends that the Plaintiffs in the above-captioned matters have not served substantially complete PFSs and are therefore delinquent pursuant to CMO 12.

Under Section E of CMO 12, Plaintiffs were given 14 days from the date of Defendant's motion to file a response either certifying that they served upon Defendants and Defendants received a completed PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.

Bayer's motions to dismiss the above captioned cases were filed on December 8, 2010. To date, only one Plaintiff in the above captioned actions has filed a response to Bayer's allegations.[2] On December 28, 2010, Plaintiff Jennifer Dzik (3:10-cv-20389) filed a responsive pleading stating that on December 15, 2010 a completed Plaintiff Fact Sheet was mailed to Bayer (3:10-cv-20389 Doc. 14). The Plaintiffs in the remaining four member actions have failed to respond to Bayer's allegations. Accordingly, the Court **Orders** as follows:

1. Bayer's motion to dismiss filed in *Jennifer Dzik v. Bayer Corp. et al*. No. 3:10-cv-20389 is **Denied**.

---

[1] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

[2] Although Plaintiff's response was filed beyond the fourteen (14) day deadline provided for in CMO 12, the Court accepts the response and declines to dismiss Plaintiff's action for this technicality.

2. The following member actions are **Dismissed** without prejudice for failure to comply with PFS obligations:

**Quishaun Mobley-Jones v. Bayer HealthCare Pharms. Inc. et al. No. 3:10-cv-10737-DRH-PMF**

**Jacqueline Page v. Bayer HealthCare Pharms. Inc. et al. No. 3:10-cv-10728-DRH-PMF**

**Annelise Simonson v. Bayer HealthCare Pharms. Inc. et al. No. 3:10-cv-11068-DRH-PMF**

**Megan Stewart v. Bayer Corp. et al. No. 3:10-cv-20390-DRH-PMF**

**Further,** the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a completed PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a Dismissal With Prejudice upon Defendants' motion**.

**SO ORDERED**

David R. Herndon
2010.12.28
17:17:34 -06'00'

**Chief Judge**
**United States District Court**

**Date: December 28, 2010**