IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | )  3:09-md-02100-DRH-PMF )  ) )  MDL No. 2100 ) |

**This Document Relates to:**

*Jennifer Dzik, et al. v. Bayer Corporation et al.*       No. 3:10-cv-20389-DRH-PMF

## ORDER DENYING MOTION TO RECONSIDER

### I.   INTRODUCTION

On December 18, 2015, Bayer moved to dismiss the claims of the above captioned plaintiffs, with prejudice, pursuant to Section III of Case Management Order 79 ("CMO 79") (Doc. 18).[1]  Pursuant to CMO 79, the plaintiffs had 14 days to respond to the motion to dismiss. Plaintiffs failed to respond and an order of dismissal, with prejudice, was entered on January 11, 2016 (Doc. 19). Judgment was entered the same day (Doc. 20). Thereafter, plaintiffs filed the present motion to reconsider (Doc. 21 and Doc. 22). Bayer responded in opposition (Doc. 23) and the plaintiffs replied (Doc. 24). For the reasons stated herein, the motion is **DENIED.**

### II. BACKGROUND

In August 2015, Bayer and a committee of plaintiffs' counsel appointed by this Court in cooperation with the state court judges in the Pennsylvania, New

---

[1] *See* MDL 2100 Doc. 3789.

Jersey and California coordinated proceedings negotiated a settlement agreement to resolve claims involving alleged arterial thromboembolism ("ATE") injuries. On August 3, 2016, the Court entered Case Management Order 76 ("CMO 76"), the ATE Settlement Implementation Order (MDL 2100 Doc. 3786).

That same day, the Court entered CMO 79, the Non-ATE Case Resolution CMO. CMO 79 applies to cases, including the above captioned case, that are not eligible to participate in the ATE settlement. CMO 79 creates two separate tracks for cases subject to its provisions: (1) settlement negotiations on a fixed schedule under Section II of the CMO for venous thromboembolism ("VTE") cases in which *both* parties agree that further negotiations would be productive, and (2) retention and discovery obligations under Section III of the CMO for all other cases, i.e., VTE cases in which there is not an agreement that further negotiations would be productive and cases alleging injuries other than a VTE or an ATE.

<u>Under Section II of CMO 79, any plaintiff "who believes additional efforts to settle a particular VTE case may be productive" had 60 days to notify Bayer</u>, after which Bayer had 30 days "to respond with its view about whether additional settlement efforts would be productive." CMO 79 ¶ II.2. Section II's further requirements regarding negotiations apply only in a "case in which the parties <u>both agree</u> that additional settlement efforts would be productive." *Id*. ¶ II.3 (emphasis added).

If the parties are not in agreement, then the case is subject to the requirements of Section III of CMO 79. Pursuant to Section III.2 of CMO 79, Bayer

2

had 50 days to identify cases it believed were subject to the requirements of Section III of the CMO. <u>Section III.2 also instructed any plaintiffs who believe they should not have to comply with Section III to meet and confer with defendants and, if unable to reach an agreement, submit disputes to the Special Master within 21 days</u>. Sections III.3 and III.4 of CMO 79 then gave plaintiffs 120 days from the date of the order—i.e., until December 1, 2015—to comply with certain substantive requirements, such as sending preservation notices and producing certain documents and limited expert reports. Section III.5 of CMO 79 provides that plaintiffs who do not comply with their obligations under Section III of the CMO will be subject to a motion to dismiss with prejudice.

## II.  APPLICABILITY OF SECTION III TO THE INSTANT CASE

In the instant case, Bayer filed a motion to dismiss with prejudice, in accord with Paragraph III of CMO 79 on December 18, 2015. The motion contends (1) this case was identified as a case subject to the requirements of Section III; (2) the plaintiffs did not dispute this classification; and (3) the plaintiffs failed to comply with the retention and discovery obligations of Paragraph III. The plaintiffs failed to timely respond to the motion and the matter was dismissed with prejudice.

In the motion to reconsider, counsel contends Section III of CMO 79 never applied to the above captioned action. This argument is premised on a misinterpretation of CMO 79. As previously noted, under Section II of CMO 79, any plaintiff "who believes additional efforts to settle a particular VTE case may be

productive" had 60 days to notify Bayer, after which Bayer had 30 days "to respond with its view about whether additional settlement efforts would be productive." CMO 79 ¶ II.2. As detailed in Bayer's opposition briefing, the plaintiffs did not take any steps to notify Bayer as is required under Section II. In fact, the plaintiffs' last contact with Bayer was in May 2014, before CMO 79 was entered.[2] Section II's further requirements regarding negotiations apply only in a "case in which the parties *both agree* that additional settlement efforts would be productive." CMO 79 ¶ II.3 (emphasis added). Agreement was never reached in the instant case. Accordingly, the case was subject to the requirements of Section III of CMO 79.

Additionally, the plaintiffs received notification regarding the cases Section III classification but failed to take any action with regard to this notice. On September 22, 2015, in accord with Section III.2, Bayer timely notified plaintiffs that this case was subject to the requirements of CMO 79 Section III (and that failure to comply would subject the action to a motion to dismiss with prejudice) (Doc. 23-1 ¶ 6; Doc. 23-2). Plaintiffs took no action with regard to this notice.

Considering the above, the record reflects the parties did *not* agree that further settlement negotiations would be productive. Accordingly, the above captioned case was subject to the provisions of Section III of CMO 79 and was *not* subject to the negotiation provisions of Section II. Additionally, Bayer notified the plaintiffs that this case was subject to the requirements of Section III (and the consequences for failure to comply). If the plaintiffs objected to this

---

[2] The plaintiff does not dispute the history provided by Bayer.

categorization, they should have submitted the matter to Special Master Randi Ellis for resolution. Thus, the Court rejects the contention that the plaintiffs were not required to comply with Section III of CMO 79.

### III. GROUNDS FOR RECONSIDERATION

Plaintiffs contend that reconsideration is appropriate because (1) counsel was out of town, celebrating a wedding anniversary, and was unaware of the pending motion to dismiss (excusable neglect) and/or (2) Section III of CMO 79 never applied to the plaintiff (mistake).

Plaintiffs contend the former amounts to excusable neglect. The Court disagrees. Counsel offers no explanation as to why (1) he did not make arrangements for others at his firm to review incoming CM/ECF notices or otherwise monitor the Court's docket while he was gone and/or (2) failed to learn of the pending motion to dismiss upon returning to the office on January 5, 2016.[3] Additionally, as the Seventh Circuit has explained, "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (internal quotation marks omitted). As to the latter argument, the Court has explained that the above captioned action was subject to Section III of CMO 79. Accordingly, there is no mistake.

Additionally, as argued by Bayer, A "threshold condition for granting the relief" under Rule 60(b) "is that the movant demonstrate that granting that relief

---

[3] The order of dismissal was not entered until January 11, 2016.

5

will not in the end have been a futile gesture." *Boyd v. Bulada,* 905 F.2d 764, 769 (4th Cir. 1990) *see also Beshear v. Weinzapfel,* 474 F.2d 127, 132 (7th Cir. 1973) (noting "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). The above captioned action was subject to Section III of CMO 79 and there is no dispute that the plaintiff failed to comply with these obligations. Accordingly, granting the plaintiffs' motion would simply result in another order of dismissal and the entry of judgment again.

### IV. CONCLUSION

For the reasons discussed herein, the motion for reconsideration (Doc. 21) is **DENIED.**

**IT IS SO ORDERED.**

**Signed this 9th day of January, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.02.09 15:10:07 -06'00'

**United States District Judge**

6